IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIMMY DOE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 99 C 3945 |
| v. ) | |
| ) | Hon. John A. Nordberg |
| COOK COUNTY, et al., ) | |
| ) | Magistrate Judge Martin C. Ashman |
| Defendants. ) | |

**FILED**
MAY 13 2005 WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF FILING

TO: Michael D. Jacobs
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602

PLEASE TAKE NOTICE that on the 13th day of May, 2005, we filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **Plaintiffs' Response to Defendants' 2005 Annual Plan and Winter 2005 Status Report,** a copy of which is attached hereto and served upon you.

By: _____
One of plaintiffs' attorneys

BENJAMIN S. WOLF
SARAH SCHRIBER
Roger Baldwin Foundation of ACLU, Inc.
180 North Michigan Avenue, Suite 2300
Chicago, Illinois 60601
312-201-9740

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIMMY DOE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 99 C 3945 |
| v. ) | |
| ) | Hon. John A. Nordberg |
| COOK COUNTY, et al., ) | |
| ) | Magistrate Judge Martin C. Ashman |
| Defendants. ) | |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' 2005 ANNUAL PLAN AND WINTER 2005 STATUS REPORT

**I.  Introduction**

Defendants' 2005 Annual Plan (Annual Plan) sets forth a number of goals Defendants hope to meet within approximately the next 12 months in order to comply with the Memorandum of Agreement in this matter (MOA). Defendants' Winter 2005 Status Report (Status Report) describes efforts Defendants have undertaken, as well as goals Defendants hope to meet, in an effort to comply with the MOA. As required by MOA ¶ 61, Plaintiffs' response to Defendants' Annual Plan and Status Report is set forth below.[1] Plaintiffs' Response first addresses the need for leadership at the Cook County Juvenile Temporary Detention Center (JTDC) and then addresses several specific areas of concern.

**II.  The JTDC Needs New, Competent, and Full-Time Leadership.**

Despite a series of status meetings between the parties over the past year, the process of improving the JTDC is moving too slowly. More than two years after the

---

[1] Plaintiffs received Defendants' 2005 Annual Plan and Winter 2005 Status Report on March 18, 2005. Pursuant to ¶ 62 of the Memorandum of Agreement (MOA), Plaintiffs may raise any objections to

Court entered the MOA in this matter, Defendants remain substantially out of compliance with most of the important commitments it made to provide safe conditions, adequate services, and fair treatment to the youth it houses.[2] For example, Defendants have not completed revising or implementing the policies they claim are the "underpinnings for effective detention management," nor have they completed instituting a computer information system, a behavior management system, or a staff roster. Importantly, Plaintiffs continue to hear complaints from detained youth about inappropriate physical discipline and confinement, inadequate medical and mental health treatment, and a variety of poor conditions.

Defendants have been willing to listen to the Monitors' and Plaintiffs' concerns, but real change has not yet happened. As they have informed Defendants on a number of occasions, Plaintiffs contend that for there to be meaningful and sustainable reform at the JTDC, Defendants must bring aboard a new, competent, full-time Superintendent.

Clara Collins has been on medical leave for a substantial part of the past two years, and before she went on leave, her impaired health made it impossible for her to make the changes needed at the JTDC. The various assistant superintendents have proven themselves to be incapable of implementing the necessary reforms. J.W. Fairman, who has served as Acting Superintendent in Ms. Collins' absence, is an experienced professional in the area of adult corrections, but as Chief Coordinator of Public Safety and Judicial Coordination for Cook County, he has far too many duties and

---

Defendants' Annual Plan within 30 days of receipt. Plaintiffs sought from Defendants' two extensions of time to file their response, both of which Defendants granted.

[2] Defendants did not submit the Implementation Plan within the time frame anticipated in the MOA. *See* MOA ¶ 9. As a result of this initial delay, Defendants have missed many of the subsequent deadlines as well.

2

obligations to provide the kind of full-time, hands on leadership that is needed to bring the JTDC into compliance with the MOA.

Plaintiffs believe that the appointment of a new, competent, full-time Superintendent is essential to permit the parties to get back on track with regard to making meaningful and sustainable improvements necessary at the JTDC. In turn, it is evidence of these improvements that will signal substantial compliance with the MOA.

### III. Plaintiffs' Specific Concerns Regarding Defendants' Annual Plan and Status Report

#### A. Plaintiffs' Disagree that Defendants Have Achieved Compliance in the Area of Medical Care.

Defendants state that the JTDC's compliance in the area of Health Services "obviates the need for continued supervision" and request that "this portion of the MOA be extinguished for purposes of future monitoring and reporting." Status Report, p. 9. In support of their claim, Defendants state: "[T]he Monitors have stated that the JTDC has achieved compliance with *all aspects* of the Implementation Plan and MOA with respect to the provision of medical care." *Id.* (emphasis added). Defendants misstate the record. In fact, Monitor Charles Fasano did state: "My review of *current policies* . . . reflect compliance with all aspects of the Implementation Plan and the MOA in this case." *See* Charles S. Fasano, Monitoring Report, *Doe v. Cook County*, Cook County Juvenile Temporary Detention Center, p. 2 (Sept. 27, 2004). While Plaintiffs agree that the development of policy is a critical aspect of a department's ability to perform its work successfully, it is just one aspect.

In addition, since Mr. Fasano wrote his report, Defendants have confirmed that substantial budget cuts may affect the delivery of health services at the JTDC. Not only

3

may these cuts to the budget affect the JTDC's recent accreditation, they also may affect compliance with the MOA.

Finally, Plaintiffs do not believe that the JTDC has complied with the Implementation Plan or the MOA in the area of mental health services. As Plaintiffs stated in their Response to Defendants' Implementation Plan, research conducted with JTDC residents reveals that "60% of male juvenile detainees and more than two thirds of females met diagnostic criteria and had diagnosis-specific impairment for one or more psychiatric disorders." Linda A. Teplin, PhD et al., *Psychiatric Disorders in Youth in Juvenile Detention*, 59 Arch. Gen. Psychiatry 1133, 1137 (Dec. 2002). Although more than half the juvenile population at the JTDC suffers with "serious" mental illnesses, Plaintiffs do not believe the JTDC treats or is equipped to treat all such youth. For these reasons, Plaintiffs feel strongly that the portions of the Implementation and the MOA regarding health services remain intact so that the parties can continue to improve services in these areas.

### B. Defendants' Already Have Missed Deadlines Promised in Annual Plan.

Plaintiffs appreciate Defendants renewed efforts to achieve compliance with the Implementation Plan and MOA in the area of reporting requirements. *See* Annual Plan, p. 9 (stating that beginning April 1, 2005, they will "report in a fashion consistent with the terms of the MOA"). Plaintiffs are concerned, however, because Defendants already appear to have fallen behind at least one of the deadlines set forth in the Annual Plan. Specifically, Plaintiffs have not received the monthly population report or the other reports Defendants have promised to provide.

### C. Defendants' Annual Plan Does Not Address a Number of the Requirements Set Forth in the MOA.

4

Because of the breadth of the MOA and its requirements for reforming the conditions and services at the JTDC, the parties agreed to prioritize the work of the Monitors as well as the administration and staff at the JTDC.[3] Specifically, the parties agreed to focus on making improvements in the areas of staffing, policy review and implementation, youth discipline and behavior management, health services, and the grievance procedures. Although some progress has been made in these areas, there is still significant work to be done. Moreover, in addition to the reforms needed in these five categories, there are areas set forth in the MOA that the parties have yet begun to assess. For example, the MOA requires that Defendants submit a plan related to certain aspects of the education of the youth detained at the JTDC within 90 days of the Court's entry of the MOA—more than two years ago. *See* MOA ¶ 10. Although Defendants make reference to security in the Nancy B. Jefferson Alternative School in their Annual Plan, they have failed to submit the plan required by the MOA and the parties have not begun to discuss the issue. Other issues the parties have referenced but not confronted fully include mental health services, discipline of staff, disciplinary room confinement (including efforts to assure appropriate schooling for youth in confinement), and others.

## IV.  Conclusion

Without new, competent, and full-time leadership at the JTDC, Plaintiffs have little hope that Defendants' will be able to meet the requirements of the MOA in the next few years. In the meantime, Plaintiffs welcome a continuing, productive dialogue with Defendants regarding all aspects of reform at the JTDC as set forth in the MOA, the

---

[3] Plaintiffs agree that prioritizing the Defendants' and Monitors' reform efforts at the JTDC is an effective means of ensuring that progress is made. Nevertheless, Plaintiffs reserve their right to raise concerns about deficiencies in other areas of the MOA or the Implementation Plan.

5

Implementation Plan, and the Annual Plan, and incorporating the valuable input of the Monitors.

DATED: May 13, 2005

Respectfully submitted,

*/s/ Sarah Schriber*
One of Plaintiffs' Attorneys

Benjamin S. Wolf
~~Sarah Schriber~~
Roger Baldwin Foundation
of the ACLU, Inc.
180 N. Michigan Ave.
Suite 2300
Chicago, IL 60601
(312) 201-9740
Fax (312) 288-5225

6

## CERTIFICATE OF SERVICE

I, SARAH SCHRIBER, hereby certify that I served a copy of **PLAINTIFFS' RESPONSE TO DEFENDANTS' 2005 ANNUAL PLAN AND WINTER 2005 STATUS REPORT** via messenger before 5:00 p.m. on May 13, 2005 to:

Michael D. Jacobs
Assistant State's Attorney
Of Counsel
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5440
Fax (312) 603-3000

_____
Sarah Schriber