IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY DOE, WILLIE ROE, <br> JOHNNY WOE, DANNY ZOE, <br> CHARLIE ROE, and ANDREW LOE, <br> on behalf of themselves and all <br> others similarly situated, <br> <br>       Plaintiffs, <br> <br>   v. <br> <br> COOK COUNTY and J.W. FAIRMAN, <br> Superintendent, Cook County Juvenile <br> Temporary Detention Center, <br> <br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 99 C 3945 <br> <br> Hon. John A. Nordberg <br> <br> Magistrate Judge Martin C. Ashman |

**JOINT MOTION FOR ABSOLUTE IMMUNITY
FOR COMPLIANCE ADMINISTRATOR**

      The parties to this action respectfully move this Court to declare that Brenda Welch has absolute immunity from suit in her capacity as Compliance Administrator. In support of their motion, the parties state as follows:

      1.     The Compliance Administrator is a position created by the Agreed Supplemental Order (ASO) that was granted by this Court on May 18, 2006. (ASO ¶ 9 (Docket No. 136).)

      2.     The Compliance Administrator, appointed by this Court, is authorized to make recommendations to Defendants concerning compliance with the ASO and the Memorandum of Agreement (MOA). (*Id.*) Moreover, as set forth in the ASO, the Compliance Administrator is tasked with providing day-to-day onsite coordination of the efforts to bring the JTDC in compliance with the Modified Implementation Plan (MIP). (*Id.*) As part of her duties in this respect, the Compliance Administrator is required to testify at evidentiary hearings on such matters. (*Id.* ¶ 15.)

3.       The Compliance Administrator is required by the ASO to report her findings to the Court every 30 days and to make recommendations to the Superintendent of the JTDC on a regular basis about continuing changes and concerns with the operations of the facility.  (*Id.* ¶ 9(b).)

4.       Pursuant to the ASO, the Court retains the authority to terminate the appointment of the Compliance Administrator upon a showing of Defendants' substantial compliance with the MOA and the MIP.  (*Id.* at 9 (Attachment).)

5.       It is an established principle of law that persons acting in a judicial capacity are entitled to absolute immunity.  *Butz v. Economou*, 438 U.S. 478, 512-13 (1978) (holding that persons "performing adjudicatory functions within a federal agency are entitled to absolute immunity from damages liability for their judicial acts.").  The purpose of such immunity is to protect decision makers from retaliation, thereby encouraging them to exercise the independent judgment essential to the proper administration of government.  *Forrester v. White*, 484 U.S. 219, 223 (1988).

6.       Courts have recognized that absolute judicial immunity extends to those "who perform functions closely associated with the judicial process."  *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985) (holding that members of a prison disciplinary committee were entitled to absolute judicial immunity).  Recently, the Court appointed a Compliance Administrator in *Shakman, et al. v. Democratic Org. of Cook County, et al.* to "study the County's existing employment practices, policies and procedures for nonpolitical hiring, promotion, transfer, discipline and discharge."  Supplemental Relief Order for Cook County (Docket No. 531), *Shakman, et al. v. Democratic Org. of Cook County*, 69 C 2945 (N.D. Ill. Nov. 30, 2006) (Andersen, J.), at 3, attached hereto as Ex. A.  In *Shakman*, Judge Andersen stated that the

Compliance Administrator "shall be an agent of the Court" and that "for purposes of her appointment, the [Compliance Administrator] and her counsel and staff shall possess the same immunity from suit as the Court." *Id*.

7. To determine whether the functions a person performs are sufficiently associated with the judicial process to entitle that person to absolute immunity "the touchstone . . . has been performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights. When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges-that is, because they, too, exercise a discretionary judgment as a part of their function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993) (internal citations omitted). Additionally, courts have considered (1) whether the official was appointed by a judge to act in judicial proceedings; and (2) whether the official's actions will be reviewed by the judge. *Ashbrook v. Hoffman*, 617 F.2d 474, 476-77 (7th Cir. 1980) (holding that commissioners appointed by a court to partition property in divorce proceedings were entitled to absolute immunity.)

8. As in *Shakman*, the Compliance Administrator in this matter is sufficiently associated with the judicial process to entitle her to absolute immunity from her actions as Compliance Administrator. First, Ms. Welch was appointed by this Court and her decisions are subject to review in this Court. (*See* Court Order dated June 7, 2006 (Docket No. 139); ASO ¶ 9.) Second, and most importantly, Ms. Welch exercises independent judgment and discretion in the course of her duties as Compliance Administrator. Specifically, she is required to assess, evaluate, and report whether Defendants are complying the consent decree entered by the Court in this case. (ASO ¶ 9.) Accordingly, the parties request that this Court acknowledge Ms. Welch's absolute immunity from suit.

3

WHEREFORE, the parties jointly and respectfully request that this Court grant Ms. Welch absolute immunity to enable the continued performance of her duties as Compliance Administrator of the JTDC without fear of suit or personal monetary liability.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ Sarah Schriber | /s/ Patrick M. Blanchard |
| One of Plaintiffs' Attorneys | One of Defendants' Attorneys |

HARVEY GROSSMAN
BENJAMIN S. WOLF
SARAH SCHRIBER
Roger Baldwin Foundation of ACLU, Inc.
180 North Michigan Avenue, Suite 2300
Chicago, Illinois 60601
312-201-9740

BARRY F. IRWIN
COLBY KINGSBURY
Kirkland & Ellis
200 E. Randolph
Chicago, IL 60601
312-861-2000

*Counsel for Plaintiffs*

RICHARD A. DEVINE
State's Attorney of Cook County

PATRICK M. BLANCHARD
MICHAEL D. JACOBS
Assistant State's Attorneys
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
312-603-3401

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **JOINT MOTION FOR ABSOLUTE IMMUNITY FOR COMPLIANCE ADMINISTRATOR** was served on the below counsel by the ECF System on April 11, 2007:

>Patrick M. Blanchard
>Michael D. Jacobs
>Assistant State's Attorneys
>Civil Actions Bureau
>500 Daley Center
>66 West Washington
>Chicago, IL 60602


>/s/ Sarah Schriber
>_____
>One of Plaintiffs' Attorneys