IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIMMY DOE, WILLIE ROE, JOHNNY WOE, DANNY ZOE, CHARLIE ROE, and ANDREW LOE, on behalf of themselves and all others similarly situated, ) ) ) ) ) ) | |
| Plaintiffs, ) | No. 99 C 3945 |
| ) | Hon. John A. Nordberg |
| v. ) ) | Magistrate Judge Martin C. Ashman |
| COOK COUNTY and ROBERT CATCHINGS, Acting Superintendent, Cook County Juvenile Temporary Detention Center, ) ) ) ) ) | |
| Defendants. ) | |

**MOTION FOR APPOINTMENT OF RECEIVER**

The Court's appointed Next Friend, Professor Thomas Geraghty, on behalf of the plaintiff class of youth detained at the Cook County Juvenile Temporary Detention Center, through their counsel, respectfully request that this Court appoint a Receiver to achieve and maintain compliance with the mandates of the Memorandum of Agreement and the Agreed Supplemental Order approved and entered by this Court. In support thereof, Next Friend Geraghty states as follows:

1. For more than four years, the defendants have persistently violated this Court's orders and have completely failed to make good on the core settlement terms of the Memorandum of Agreement (MOA), which they themselves helped to craft and which they promised this Court and plaintiffs they would follow. The unconscionable result has been the perpetration of abusive, neglectful, and life-endangering practices and conditions for the young

residents of the Juvenile Temporary Detention Center (JTDC). Today, as described in detail in the Memorandum accompanying this Motion, these young people face:

- An alarming risk of suicide and the continued inadequacy of comprehensive mental health services.
- A climate of fear, resulting from an environment fraught with staff and resident violence.
- Inadequate medical services.
- A culture of chaos and incompetence, which perpetuates substandard services and conditions.
- A refusal to implement generally accepted systems of management and oversight, preventing even minimal compliance with this Court's orders.

2. Through this litigation and the Court's certification of a plaintiff class of minors, this Court, its appointed agents – the Monitors Charles Fasano and Michael Mahoney and, since the entry of the Agreed Supplemental Order (ASO) one year ago, the Compliance Administrator Brenda Welch – undertook an obligation to protect the welfare of the plaintiffs children. As Next Friend appointed by this Court, Thomas Geraghty, Professor and Director of Clinical Education, Northwestern University School of Law, is charged with the related responsibility of acting as a guardian for the class in this litigation and informing the Court and its agents of the facts and circumstances which affect the care and safety of the plaintiff youth.

3. This filing marks a new stage in this litigation. Professor Geraghty is compelled to advise the Court that the post-decree enforcement machinery that he has been a partner in creating has utterly failed his charges. The primary flaw in the existing remedial structure is that it is dependent upon incompetent leadership at both the County and institutional levels. No amount of mediation or fine-tuning of the various orders and plans can reasonably lead to the safety and security of youth at the Center. No new experts or consultants can alter the unmistakable pattern of incompetent leadership and corrupt political practices that have

2

obstructed the efforts made by the Monitors, Compliance Administrator, and the Next Friend to improve the lives of these children.

4. While it is Professor Geraghty's hope that the Court's agents continue in their efforts and that consultants, experts, and institutions that have offered support be re-called to help accomplish the task before us, the everyday executive and administrative authority to carry out the terms of the MOA and the ASO must be removed from the County, forthwith. A Receiver charged with full authority to implement the MOA and ASO must be appointed.

5. Nothing less than the appointment of a Receiver can reasonably ensure that in the future Next Friend Geraghty will not come before this Court to report the death of a youngster caused by physical abuse or a completed suicide, instead of the repeated physical assaults and the suicide attempts that occur regularly at the JTDC. Nothing less will restore the remedial process to a sound footing. And nothing less can fulfill the obligation of this Court to protect the safety of the County's children.

WHEREFORE, Next Friend Geraghty on behalf of the plaintiff class of youth detained at the JTDC, through their counsel, respectfully request that this Court:

(1) Set this matter for an evidentiary hearing forthwith;

(2) Appoint a Receiver for the JTDC with full executive and administrative authority to implement the requirements of the MOA and the ASO; and

(3) Order additional relief as this Court deems appropriate and just.

DATE: May 29, 2007

Respectfully submitted,

_____s/Benjamin S. Wolf_____
One of the plaintiffs' attorneys

HARVEY GROSSMAN
BENJAMIN S. WOLF

3

SARAH SCHRIBER
Roger Baldwin Foundation of ACLU, Inc.
180 North Michigan Avenue, Suite 2300
Chicago, Illinois 60601
312-201-9740

BARRY F. IRWIN
COLBY KINGSBURY
COLLEEN SORENSEN
Kirkland & Ellis LLP
200 E. Randolph
Chicago, IL  60601
312-861-2000

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **MOTION FOR THE APPOINTMENT OF RECEIVER** was served on the below counsel by the ECF System on May 29, 2007:

>Patrick M. Blanchard
>Michael D. Jacobs
>Assistant State's Attorneys
>Civil Actions Bureau
>500 Daley Center
>66 West Washington
>Chicago, IL 60602


    _s/Benjamin S. Wolf_____
One of the plaintiffs' attorneys