UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIMMY DOE, WILLIE ROE, JOHNNY WOE, DANNY ZOE, CHARLIE ROE and ANDREW LOE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> COOK COUNTY and ROBERT CATCHINGS, Acting Superintendent, Cook County Juvenile Temporary Detention Center, <br><br> Defendants. | Case No. 99 C 3945 <br> J. Nordberg Presiding |

**MOTION OF COLLECTIVE BARGAINING
REPRESENTATIVE TO INTERVENE**

NOW COMES Movant, TEAMSTER LOCAL UNION NO. 714 ("Local 714"), by and through its attorneys, Robert Costello, Sacks, Goreczny, Maslanka & Costello, P.C., and for its motion to intervene in this matter, states as follows:

**Introduction**

This action was filed in June 1999 as a class action, on behalf of juveniles detained at the Cook County Juvenile Temporary Detention Center ("JTDC") seeking declaratory and injunctive relief under 42 USC §1983, alleging various systemic problems in the operation of JTDC and the

care of its residents that violated their rights under the Fourteenth Amendment. In December 2002, the parties entered into a Memorandum Of Agreement ("MOA"), which called for various changes in the operations at JTDC and called for the appointment of various independent monitors to the facility. In 2006, an agreed supplemental order was entered, which, among other things, provided that certain unnamed, separately identified "staff members" who were alleged to have engaged in abuse of JTDC residents on more than one occasion were to be removed from any assignments within the JTDC residential units until certain retraining and counseling were completed. In addition, the supplemental order called for increased supervision of staff members alleged to have abused a resident on more than two occasions.

Local 714 was certified by the Illinois Labor Relations Board as the exclusive bargaining representative of the JTDC counselors and services employees under the Illinois Public Labor Relations Act (*5 ILCS 315/1*) in 2004. Local 714 has not sought to intervene in this matter to this point because the agreements thus far entered into by the parties have not affected a unilateral change by Defendant Cook County, the employer of the employees at issue, in matters affecting terms and conditions of employment. The matter is currently before the court on Plaintiffs' motion for appointment of a receiver with unspecified direct authority over the operations of JTDC. Plaintiffs complain in their motion that Defendants have not done enough to comply with the existing MOA and supplemental order regarding reforming its operations. Many of the Plaintiffs' complaints arise directly from the operation of the collective bargaining agreement between Local 714 and Cook County (attached), most notably provisions on job posting/ bidding and discipline.

Plaintiffs' motion is scheduled to be heard before this court on July 11, 2007, at 10:30, a.m. We feel we must intervene.

**Motion To Intervene Of Right**

    1.    Fed.RCiv.P. 24(a)(2) provides that intervention will be allowed as of right to anyone, upon timely application, who "claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

    2.    Rule 24(a)(2) requires a "significantly protectable interest." The interest must be direct, rather than contingent. . .The interest must be 'direct, substantial, [and] legally protectable. . . .' It has been required that the applicant for intervention have "a right to maintain a claim for the relief sought. . . ." *Heyman v. Exchange National Bank*, 615 F.2d 1190, 1193 (7th Cir. 1980)(citations omitted).

    3.    Local 714 and its members have clear and legally protectable interests lying both in contract and State statute that are threatened by the appointment of a receiver since any receiver acting pursuant to federal court mandate would likely be beyond the reach of the State courts and administrative agencies charged with protecting those interests. Local 714, moreover, has standing to assert both its own interests and those of its members. See, *United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.,* 517 U.S. 544, 134 L. Ed. 2d 758, 116 S. Ct. 1529

(1996); *Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 343, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977) ("An association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.").

        4.        The named Defendants, the County of Cook and Robert Catchings, its agent, represent the interests of the employer, which are adverse to Local 714 as to the entire body of interests that the latter seeks to protect.

**Motion For Permissive Intervention**

        5.        Fed.R.Civ.P. 24(b)(2) allows for intervention where "an applicant's claim or defense and the main action have a question of law or fact in common." Rule 24(b)(2) further provides that, "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

        6.        Several of Plaintiffs' claims in its motion, including claims relating to the staffing of the so-called Special Needs Unit, and the relief they request raise potential counter claims by Local 714 and its members relating provisions under the existing collective bargaining agreement, and the Illinois Public Labor Relations Act.

        7.        Allowing Local 714 to intervene in response to Plaintiffs' prayer for appointment of a receiver will not delay the matter any more than is necessary to allow Local 714 to

consult with the parties over possible settlement of Local 714's claims and to prepare for trial. On this point it should be noted that Local 714 is interested only in ensuring that a receiver, if appointed, is subject to strict and precise limitations in its authority to disregard provisions in the existing collective bargaining agreement and/ or the obligations of the employer to bargain under Section 7 of the Illinois Public Labor Relations Act (*5 ILCS 315/7).*

       8.      Neither party can claim substantial prejudice would result from Local 714's participation in this matter.

WHEREFORE, Plaintiff Local 714 requests that the court enter an order granting Local 714's request to intervene.

                      Respectfully submitted,

                      s/ Robert Costello
                      Robert Costello, Attorney for Teamster
                      Local Union No. 714

Robert Costello
Sacks, Goreczny, Maslanka & Costello, P.C.
100 West Monroe Street, Suite 804
Chicago, Illinois 60603
(312) 641-2424