**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JIMMY DOE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) No. 99 C 3945 |
| COOK COUNTY, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CONCLUDING ORDER

JAMES F. HOLDERMAN, District Judge:

Administrative control of the Cook County Juvenile Temporary Detention Center ("JTDC") shall be transferred from the Transitional Administrator ("TA") to the Office of the Chief Judge of the Circuit Court of Cook County ("OCJ") effective May 20, 2015, with a three-month observation period to follow. During the observation period, the following conditions apply:

1. Earl Dunlap's appointment as TA shall terminate effective May 20, 2015. Thereafter, Earl Dunlap will act as a Court Appointed Expert to the JTDC, subject to the terms and conditions set forth in this order.

2. The process of transferring personal service contracts and the Career Builder contract from the Office of the Transitional Administrator ("OTA") to OCJ/Cook County will continue.

OTA Account

3. The OTA Account will remain open and operational, subject to audit by Cook County, with Earl Dunlap as the authorized signatory. Mr. Dunlap shall prepare the OTA Account for final payments and close the account by September 30, 2015, unless the observation period is extended, in which case it shall be closed 30-days after the end of the observation period.

4. Personal service contractors and Career Builder will continue to work at the JTDC under the direction of Superintendent Dixon and to be paid from the OTA Account until such time as their contracts are fully transitioned to and payable by OCJ/Cook County.

5. The role of Deputy TA Brenda Welch shall end on May 20, 2015, and final invoices shall be submitted to Mr. Dunlap, reviewed by Mr. Dunlap and the attorneys for the County, and then paid from the OTA Account no later than July 1, 2015.

6. Mr. Dunlap will pay necessary and appropriate outstanding invoices from the OTA Account but shall not contract with or incur any new expenses other than expenses necessary for his role as Court Appointed Expert after May 20, 2015.

7. Mr. Dunlap shall bill Cook County on an hourly basis at an agreed rate of $125/hour. After approval of his hours submitted by counsel for Cook County, Mr. Dunlap shall pay his bill from the OTA Account that remains open and under his control.

8. Mr. Dunlap shall return the unexpended funds remaining in the OTA Account at the time of its closing to Cook County through its counsel.

9. The court's Order of June 22, 2010 (Dkt. No. 587) regarding indemnification shall remain in effect for duties performed under this Order, and it shall also remain in effect after the termination of this case.

Scope of Duties

10. Mr. Dunlap will observe the transition in order to identify any potentially serious deviations from the Memorandum of Agreement ("MOA") approved by Judge Nordberg on December 30, 2002, (Dkt. No. 71), or the Modified Implementation Plan ("MIP") referenced in the court's August 14, 2007 Agreed Order, (Dkt. No. 330), that threaten the health and safety of the juvenile population and staff of the JTDC.

11. Mr. Dunlap's work as Court Appointed Expert to the JTDC shall consist of an on-site visit at the JTDC of no more than 5 days a month for three months along with the necessary follow-up communication. The OCJ and Superintendent Dixon will provide Mr. Dunlap and plaintiffs' counsel reasonable access to JTDC records, residents and the facility on request.

12. Mr. Dunlap will not direct JTDC operations in any way, but he will make himself available to the OCJ, Superintendent Dixon and the *Doe* parties during the observation period for information, consultation, and advice as needed.

13. Mr. Dunlap shall provide a written report to the OCJ and the *Doe* parties as to his observations, on a monthly basis. The first report shall be completed by July 1, 2015. The second report shall be completed by August 1, 2015. Mr. Dunlap shall be available to discuss his report with Superintendent Dixon, the OCJ, and the *Doe* parties as needed.

14. On or before August 17, 2015, Mr. Dunlap will report to the *Doe* parties, the OCJ, and the court on the status of the transition and compliance with the MOA and MIP. All prospective relief in this case, including the post-transition observation process and the court's reservation of jurisdiction to enforce the MOA, will terminate on September 16, 2015, unless plaintiffs file a motion with the court asserting that there is good cause for extending the

observation period or for other relief. Plaintiffs shall provide at least ten days' notice to the defendants and the OCJ prior to filing such a motion. If the parties and the OCJ are not in agreement on an appropriate resolution of the issues raised by the plaintiffs, any party may request appropriate relief from the court, pursuant to the MOA and the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) *et seq.*

ENTER:

_____
JAMES F. HOLDERMAN
District Judge, United States District Court

Date: May 15, 2015